IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE RAMONAS,

        Plaintiff,

v.                                                Civil Action: 3:08-CV-136
                                                  (Chief Judge Bailey)

WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., et. al.,

        Defendants.

**MEMORANDUM, OPINION, AND ORDER DENYING DEFENDANT, JEFFREY TRENT COOK, M.D.'S MOTION TO COMPEL PLAINTIFF'S FULL AND COMPLETE DISCOVERY RESPONSES**

On April 3, 2009 came the above named Plaintiff, by Harvey S. Williams, via telephone and W. Howard Klatt, in person, Defendant West Virginia University Hospitals-East, Inc. and Jefferson Memorial Hospital, by Christine S. Vaglienti, via telephone, Defendant West Virginia University Board of Governors, by Margaret L. Miner, in person, and Defendant Jeffrey Trent Cook, M.D., by Tracey B. Eberling, in person, for an evidentiary hearing and argument on Defendant Cook's Motion to Compel Discovery.[1]  Testimony was not taken.  Plaintiff, Ramonas, introduced a package of exhibits consisting of Plaintiff's supplemental responses to Defendant Cook's discovery requests.  The exhibits were admitted as Plaintiff's Exhibit No. 1.

## I.  INTRODUCTION

A.    <u>Background</u>

Plaintiff, George Ramonas ("Ramonas") brought suit in the Circuit Court of Jefferson

---

[1] Doc. No. 55

1

County, West Virginia alleging medical negligence and violation of Emergency Medical Treatment and Active Labor Act (42 U.S.C. § 1395dd). Defendants removed the action to this Court.[2] The dispute arose after Ramonas was treated in the Emergency Room at Jefferson Memorial Hospital for injuries sustained in an automobile accident.

The parties engaged in discovery and a dispute arose.

B. <u>The Motion</u>

Defendant Jeffrey Trent Cook, M.D.'s Motion to Compel Plaintiff's Full and Complete Discovery Responses[3]

C. <u>Decision</u>

Plaintiff's Motion to Compel is **DENIED** as hereinafter set forth.

## II. FACTS

1. On March 11, 2009, Defendant Cook filed his Motion to Compel.[4]

2. An Evidentiary Hearing and Argument on the Motion to Compel was held on April 3, 2009.[5]

3. Plaintiff filed supplemental answers to discovery on March 30, 2009.

4. Pursuant to the Scheduling Order, the deadline for completion of discovery in this action was May 1, 2009.[6]

---

[2] Doc. No. 1

[3] Doc. No. 55

[4] Doc. No. 55

[5] Doc. Nos. 68, 81, 82 & 90

[6] Doc. No. 22

### III. PLAINTIFF'S MOTION TO COMPEL

A.   Contentions of the Parties

Defendant Cook contends that Plaintiff Ramonas improperly objected to and failed to fully and completely responds to Defendant's interrogatories or requests for production of documents. At the hearing, Defendant informed the Court that it had received supplemental discovery responses. Defendant still seeks responses to Interrogatories No. 3, 12 and Request for Production No. 1. Defendant had asked for Plaintiff to describe any injury or illness from which he suffered during the ten-year period preceding the date of the occurrence mentioned in the complaint.

Plaintiff responded in his brief by arguing that he had answered eight (8) of the fifteen (15) interrogatories in his initial responses. As for the remaining interrogatories, Plaintiff maintains that they are poorly phrased and seek non-discoverable information. Plaintiff avers that his objections were proper. Furthermore, Plaintiff argues that the document requests suffer the same fatal overreaching and vagueness as the interrogatories.

B.   The Standards

1.   Discovery - Scope. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to

the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2. <u>Discovery - Scope</u>. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" <u>Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.</u>, 967 F.2d 980, 983 (4th Cir. 1992) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); <u>see</u> <u>also</u> <u>St. Bernard Sav. and Loan Ass'n v. Levet</u>, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[7]

3. <u>Discovery - Relevancy</u>. A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." <u>Hinkle v. City of Clarksburg, West Virginia</u>, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

---

[7] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

4. <u>Discovery - Interrogatories</u>. Federal Rule of Civil Procedure 33 governs interrogatories. It states that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

5. <u>Discovery - Interrogatories and Time to Respond</u>. Federal Rule of Civil Procedure 33(b)(2) governs time to respond. It states that "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."

6. <u>Discovery - Objections to Interrogatories</u>. All objections must be stated with specificity and any objection not raised is waived. Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. <u>Momah, v. Albert Einstein Medical Center</u>, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).

7. <u>Discovery - Motion to Compel</u>. Motions to compel responses to interrogatories and requests for production are governed by Federal Rule of Civil Procedure 37(a)(2)(B). This Rule provides that if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." <u>Id.</u>

8. <u>Discovery - Motion to Compel - Burden of Proof</u>. The party opposing a motion to compel bears the burden of showing why it should not be granted. <u>Roesberg v. Johns-Manville Corp.</u>, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); <u>Rogers v. Tri-State Materials Corp.</u>, 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

9. <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>: Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. <u>Hansel v. Shell Oil Corporation</u>, 169 F.R.D. 303 (E.D. Pa. 1996).

10. <u>Discovery - Duty to Supplement.</u> Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

C.  <u>Discussion</u>

### 1. <u>Interrogatory No. 3</u>

Defendant asked "[w]ithout referring to information in your complaint, describe in detail each injury or illness, whether physical or mental, from which you suffered during the ten-year period immediately preceding the date of the occurrence mentioned in the complaint." Plaintiff initially objected by stating that the request was overly broad and that is sought "irrelevant confidential medical information," and was either not relevant or not reasonably calculated to lead to the discovery of admissible evidence. At the hearing, counsel for Plaintiff explained that the objection was based on over breadth because Defendant was asking that Plaintiff describe every illness for a 14-year period.[8]  Plaintiff filed supplemental responses to Interrogatory No.

---

[8] The incident at issue in this case happened in 2005. The Interrogatory No. 3 asks that Plaintiff disclose illnesses or injuries dating to ten years before the incident.

3. Plaintiff's supplemental answer included a list of medical providers that he has received treatment from with the dates of service and the Bates stamp numbers. The Court finds that Plaintiff has adequately responded to Interrogatory No. 3 in his supplemental answers. Therefore, the Court need not compel Plaintiff to answer the interrogatory. However, Plaintiff filed general objections which are not permitted responses under Fed. R. Civ. P. 33(b)(4). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. Momah 164 F.R.D. at 417 (quoting Josephs 667 F.2d at 992). Therefore, the Court finds that Plaintiff has waived his objection to Interrogatory No. 3.

## 2. Interrogatory Nos. 8 & 12

Interrogatory Nos. 8 and 12 are similar to No. 3. No. 12 asks Plaintiff to identify "each physician and other health care provider, including psychologists and mental health counselors, who have treated or examined you during the ten (10) year period prior to the incident described in your Amended Complaint, and for each such person, state the nature of such treatment or examination and the dates each treatment or examination occurred." No. 8 asks Plaintiff to identify each physician or health care provider who have treated or examined him as a result of the incident at issue in this case. Plaintiff's supplemental response to No. 12 referred to his answer to Interrogatory No. 3 as well as attached chiropractic records and a study from Virtual Physical along with an authorization for Defendant to seek any other medical records he believes may exist. Plaintiff's supplemental response to No. 8 referenced medical records previously

provided. Plaintiff also agreed to further supplement with records as they become available. The Court finds Plaintiff adequately responded to Interrogatory Nos. 8 and 12. For the same reasons as set forth in the explanation of Interrogatory No. 3 above, the Court finds that Plaintiff has waived his objection to Interrogatory No. 12.

### 3. Request for Production of Documents No. 1

Defendant requested that Plaintiff produce "all records and reports in the possession of all physicians and other health care providers for each illness and injury, whether physical or mental, from which you suffered during the ten (10) year period immediately preceding the date of the occurrence mentioned in the Amended Complaint." Plaintiff objected on the basis that the request is overly broad, unduly burdensome, not limited in time to the events relevant to the subject of the complaint, seeks confidential medical information and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff produced medical records and agreed to provide additional records as they became available. The Court finds that Plaintiff adequately responded to Request for Production No. 1. However, Plaintiff waived his objection for the reasons set forth above.

### 4. Interrogatory No. 14

Interrogatory No. 14 asked Plaintiff to describe all medications he took because of the injuries he received as a result of the occurrence described in the Complaint. Plaintiff's initial response was that information on prescriptions is contained in his medical records. However, in his supplemental answer, Plaintiff referenced a log he produced as well as an authorization and a list of pharmacies where he has had prescriptions filled. The Court finds that Plaintiff adequately responded to this Interrogatory.

D.  Decision

Defendant's Motion to Compel is **DENIED**.  The Court finds that Plaintiff, subsequent to the filing of the motion to compel, adequately responded to the Interrogatories and Request for Production of Documents at issue.  However, the Court finds that Plaintiff has waived his objections to Interrogatory Nos. 3 and 12 as well as Request for Production of Documents No. 1.

Filing of objections does not stay this Order.  Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 5, 2009

                                             */s/ James E. Seibert*
                                             JAMES E. SEIBERT
                                             UNITED STATES MAGISTRATE JUDGE