**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**GEORGE RAMONAS,**

    Plaintiff,

v.                                                     **Civil Action No. 3:08-CV-136
(Judge Bailey)**

**WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC.,
JEFFERSON MEMORIAL HOSPITAL,
WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, and JEFFREY TRENT
COOK, M.D.,**

    Defendants.

## ORDER OF PRETRIAL CONFERENCE

On February 1, 2010, the parties in the above-styled civil action appeared before the Court via video teleconferencing for a pretrial conference. The plaintiff, George Ramonas, was present by counsel, Harvey S. Williams and W. Howard Klatt. Defendants Jefferson Memorial Hospital ("JMH") and West Virginia University Hospitals-East, Inc. ("WVU-E") were present by counsel, Christine Vaglienti; and Defendant Jeffrey Trent Cook, M.D. ("Dr. Cook") was present by counsel, Tracey Eberling.

As an initial matter, the Court addressed the status of this case. The parties indicated it would likely proceed to trial as scheduled. Specifically, the parties stated that they did attempt mediation with Oscar Bean; however, they indicated that settlement was unlikely.

The Court then took up the parties' proposed voir dire and **ORDERED** as follows:

1.     Plaintiff's proposed voir dire numbers 4-13, 15, 16, and 19-21 are accepted as is. Number 17 is accepted, as modified, to read: "Have you or a family member ever experienced going to an emergency room while suffering from an injury and been sent home without having *the treatment you felt was warranted*." Likewise, Plaintiff's Number 23 was accepted, as modified, to

    read: "Mr. Ramonas was injured in a legally authorized race at the Summit Point Motorsports Park on September 19, 2005.  Does any member of the panel feel that a person who is injured while in a race is not entitled to the same quality care as anyone else who is injured in an accident?"

2. Defendants JMH and WVU-E's proposed voir dire numbers 5, 8, 9, 10, and 14 are accepted as is.  Defendants' Number 15 is accepted, as modified, to read: "Have you or any of your immediate family members ever received medical treatment at Jefferson Memorial Hospital?"

3. Defendant Dr. Cook's proposed voir dire Number 2 is accepted, as modified, to read: "Have you or any member of your immediate family ever been hospitalized or treated by Jeffrey Trent Cook, M.D.?"

Next, the Court addressed the Defendants' Joint Objections to Plaintiff's Rule 26(a)(3) Disclosures **[Doc. 167]**.  The Court **ORDERED** as follows:

1. The Court inquired as to why plaintiff intended to call experts designated as Numbers 8-13.  The plaintiff indicated he only intends to call witness Number 9, Keisha Barrett, who is incorrectly listed as "Pat Barnett" in the designations.

2. The Court **OVERRULED** the defendants' objection to the plaintiff's proposed use of depositions at trial for which local counsel did not appear.

3. The Court **OVERRULED as moot** Defendants' objection to the bills from Dr. Skardis, D.O.M. to the extent that the plaintiff stated that pre-accident portions of the medical bills will be redacted.

4. The Court **SUSTAINED** the defendants' objection to the introduction of exhibits related to medical bills by Dr. Brian Turissi.  Plaintiff stated he would not seek recovery for the same.

5. The Court **SUSTAINED** the defendants' objections to the introduction into evidence photographs of the vehicle, specifically finding that the damages to

      the vehicle are not relevant as the issue is what the standard of care was and whether it was followed.

6. With regard to Plaintiff's Medical Illustrations, which constitute Exhibits 26-29, the Court **OVERRULED** the defendants' objections and will permit the same into evidence.

7. The Court **SUSTAINED** Defendants' objections to the introduction of Medicare/Medicaid regulations; therefore these will be excluded.

8. The Court ruled that the plaintiff's remembrances of the events of his accident shall be excluded, unless the same are necessary to refresh the witness' recollection; accordingly, the objection is **SUSTAINED** in part.

9. The Court **SUSTAINED** Defendant JMH's objection regarding the Level IV Trauma Center Consultation Site Visit Report: Summary of Deficiencies; therefore, the same shall be excluded.

10. The Court ruled that Plaintiff's introduction of life expectancy tables shall be **ADMISSIBLE** to the extent he may argue the approximate number of <u>years</u> remaining in Plaintiff's life.

Next, the Court addressed Plaintiff's Objections to Defendant JMH's Rule 26(a)(3) Disclosures **[Doc. 177]**, and **ORDERED** as follows:

1. The Court **SUSTAINED** Plaintiff's objections to Defendant's Exhibits 17-21.

2. The Court **OVERRULED** Plaintiff's objection to the JMH nursing staff's lack of recollection of Mr. Ramonas; therefore, their testimony will be permitted. Defendant JMH further stated it will not call Kara Wilson, EDT.

3. Defendant stated it will not likely call Dr. Shank or Kenneth Stein; therefore, the plaintiff's objection was **SUSTAINED**.

4. The Court **SUSTAINED** Plaintiff's objection regarding Dr. Cirincione; Defendant stated it will call Dr. Cirincione to testify as to causation and damages, but not to the applicable standard of care.

3

5. The Court ruled that statements made for the purpose of treatment shall be admissible under Federal Rule of Evidence 803(4); therefore, the Court **OVERRULED** the Plaintiff's objection relating thereto.

6. The Court **OVERRULED** the plaintiff's objections regarding Dr. Hebert to the extent that he will only be permitted to testify as to causation and damages and **SUSTAINED** the portion of the objection seeking to exclude those portions of Dr. Hebert's report other than Paragraph F.

7. The Court **OVERRULED** Plaintiff's objections to Defendant's Exhibits 9, 10, and 14.  These Exhibits will not be admitted into evidence, but to the extent that the expert relied on them, he is permitted to testify to the same.

8. The Court **SUSTAINED** the plaintiff's objection that Exhibit 12 should be inadmissible as irrelevant and that the first page of Exhibit 13 is inadmissible.

9. The Court **OVERRULED** the plaintiff's objection regarding the presentation of deposition testimony for Sharon Ciccone and Ms. Denise Ramonas.  Defendants stated that Ms. Ciccone will be present to testify, thereby negating the need to read her deposition.  Further, depending upon the availability of Ms. Ramonas to testify at trial, her deposition may or may not be read into evidence.

10. The Court **DEFERRED** its ruling as to Defendant's Exhibit 15 regarding the agency claim until it hears argument on the same.

Next, this Court addressed Plaintiff's Objections to Defendant Cook's Rule 26(a)(3) Disclosures **[Doc. 176]** and **ORDERED** as follows:

1. The Court **OVERRULED** as moot the plaintiff's objection of Defendant Cook's use of deposition testimony.  Defendant Cook stated that he will not be offering any deposition testimony, except that the transcripts may be used for purposes of impeachment.

2. The Court **OVERRULED** Plaintiff's objection to Defendant Cook's Exhibits regarding Dr. Cirincione.

3. The Court **DEFERRED** ruling on Exhibit 25, an article written by Plaintiff's expert, Faheem Sandhu, M.D., because the same was not in the exhibit binder for the Court's review.

4. The Court **SUSTAINED** the plaintiff's objection to Defendant's use of photographs of the race track because they were neither timely produced, nor are they relevant.

5. The Court **DEFERRED** ruling on Defendant's Exhibit 24.

Next, the Court addressed the plaintiff's motions *in limine* and the defendants' responses thereto. After review of the above, the Court **ORDERED** as follows:

1. That Plaintiff's Motion *In Limine* to Preclude Defendants From Asserting Affirmative Defenses at Trial **[Doc. 156]** is **GRANTED in part and DENIED in part**. The defendants shall be permitted to assert affirmative defenses relating to contributory and comparative negligence, as well as mitigation of damages. The defendants shall not be permitted, however, to assert other affirmative defenses.

2. That Plaintiff's Motion *In Limine* to Exclude Evidence and Testimony Attempting to Deny Liability on the Part of the Jefferson Memorial Hospital Nursing Staff **[Doc. 157]** is **GRANTED in part and MOOT in part**. To the extent that the plaintiff seeks to preclude the defendants from proffering any testimony or evidence denying negligence on the part of the nursing staff at JMH, this Court previously clarified its ruling on the same. See Doc. 187.

3. That Plaintiff's Motion *In Limine* to Exclude and/or Limit Expert Testimony **[Doc. 162]** is **GRANTED in part and DENIED in part** as follows: Nurse Ridgely is permitted to testify, and the plaintiff can designate portions of her deposition before trial, which the Court will review and rule upon at trial; Dr.

>Stein's testimony shall be excluded; Dr. Cook's testimony shall be limited as to the treatment he actually implemented and why he did it, but not as to the standard of care; Dr. Cirincione's testimony shall be limited to causation and damages; and Dr. Shank's testimony shall be limited to the standard of care as it relates to Dr. Cook.

Next, the Court addressed the defendants' motions *in limine* pending before it. After providing the parties an opportunity to supplement their arguments, the Court **ORDERED** as follows:

>1. That Defendants Jefferson Memorial Hospital and West Virginia University Hospitals-East, Inc.'s Motion *In Limine* Re: Plaintiff's Negligent Credentialing Claim **[Doc. 145]** is **GRANTED**.

The Court **ORDERED** as follows on the Joint Submission of Motions *In Limine* by Defendants Jeffrey Trent Cook, M.D., West Virginia University Hospitals-East, Inc., and Jefferson Memorial Hospital **[Doc. 153]**:

>1. That **defendants' motion *in limine* number 1** [Doc. 153] to prohibit any testimony, argument, or opinion by Plaintiff that would fix or suggest a formula or fixed-time basis for establishing a monetary loss for general damages, including damages for pain and suffering, mental anguish, annoyance and inconvenience, and loss of enjoyment of life is **GRANTED**;
>
>2. That **defendants' motion *in limine* number 2** [Doc. 153] to exclude any evidence or testimony by the plaintiff which would place a specific monetary value on the plaintiff's damages or any mention of the *ad damnum* clause as a basis for Plaintiff's damages is **GRANTED**;
>
>3. That **defendants' motion *in limine* number 3** [Doc. 153] to exclude any evidence or testimony that the defendants had liability insurance at the time of the accident is **GRANTED**;

4. That **defendants' motion *in limine* number 4** [Doc. 153] to exclude any evidence or testimony that a verdict returned against Defendants will "send a message to the medical community," "improve the quality of healthcare," or "guarantee the protection of others" is **GRANTED**;

5. That **defendants' motion *in limine* number 5** [Doc. 153] to exclude any evidence or testimony that Defendants would not be adversely affected by the rendering of a verdict against them is **GRANTED**;

6. That **defendants' motion *in limine* number 6** [Doc. 153] to exclude any testimony from undisclosed witnesses in plaintiff's case in chief is **GRANTED**;

7. That **defendants' motion *in limine* number 7** [Doc. 153] to prohibit any "golden rule" argument that would ask the jury to place themselves in the shoes of the plaintiff is **GRANTED**;

8. That **defendants' motion *in limine* number 8** [Doc. 153] to prohibit any lay or expert evidence or testimony, or argument pertaining to Plaintiff's claims for lost wages or loss of earning capacity or economic loss is **GRANTED**;

9. That **defendants' motion *in limine* number 9** [Doc. 153] to prohibit any argument which does not comport with a "fair opening" and a "fair closing" is **GRANTED**;

10. That **defendants' motion *in limine* number 10** [Doc. 153] to exclude any evidence or testimony pertaining to settlement discussions or the parties' attempts to resolve this dispute prior to trial is **GRANTED**;

11. That **defendants' motion *in limine* number 11** [Doc. 153] to exclude the testimony of any expert witness on behalf of the plaintiff for whom a full and complete disclosure of opinion was not rendered on a timely basis is **GRANTED**;

12. That **defendants' motion *in limine* number 12** [Doc. 153] to exclude any opinions regarding the medical standard of care applicable in this instance or any opinions regarding the cause of Plaintiff's injuries offered by any witness who is not qualified to do so pursuant to W. Va. Code § 55-7B-7 or for whom Plaintiff has not provided information regarding that individual's qualifications and expected testimony pursuant to W.Va. R. Civ. P. 26(b)(4) and as ordered by this Court is **DENIED**;

13. That **defendants' motion *in limine* number 13** [Doc. 153] to exclude cumulative expert testimony is **GRANTED**;

14. That **defendants' motion *in limine* number 14** [Doc. 153] to exclude causation testimony by Dr. Milzman for which no proper basis exists is **DENIED**;

15. That **defendants' motion *in limine* number 15** [Doc. 153] to exclude any evidence of permanent injury is **DENIED**;

16. That **defendants' motion in limine number 16** [Doc. 153] to exclude any evidence or argument that the plaintiff sustained injury or damage to his kidney(s), bowel and/or bladder or that he suffers from sexual dysfunction as a result of the alleged medical negligence of the defendants is **DENIED**;

17. That **defendants' motion *in limine* number 17** [Doc. 153] to exclude any claimed future medical expenses being claimed in this action which have not been identified in discovery, as requested, and which are not supported by a foundation of qualified expert testimony that they are "reasonably certain" is **GRANTED**;

18. That **defendants' motion *in limine* number 18** [Doc. 153] to exclude any evidence of future pain and suffering, future mental anguish and emotional distress, or impairment of capacity to enjoy life is **DENIED**;

19. That **defendants' motion *in limine* number 19** [Doc. 153] to exclude any evidence of other civil actions against any of the defendants is **GRANTED**;

20. That **defendants' motion *in limine* number 20** [Doc. 153] to exclude any medical bills that either Plaintiff or his collateral source were not truly obligated to pay is **DENIED**;

21. That **defendants' motion *in limine* number 21** [Doc. 153] to exclude any improper lay opinions regarding the medical standard of care applicable in this instance or any opinions regarding the cause of Plaintiff's injuries offered by any witness who is not qualified to do so pursuant to W. Va. Code § 55-7B-7 or for whom Plaintiff has not provided information regarding that individual's qualifications and expected testimony pursuant to W. Va. R. Civ. P. 26(b)(4) and as ordered by this Court is **DEFERRED**;

22. That **defendants' motion *in limine* number 22** [Doc. 153] to exclude hearsay testimony by Redding Finney is **GRANTED**;

23. That **defendants' motion *in limine* number 23** [Doc. 153] to exclude hearsay testimony by Denise Ramonas is **GRANTED** to the extent that it applies to what she was told at the George Washington Hospital;

24. That **defendants' motion *in limine* number 24** [Doc. 153] to exclude testimony by any witness regarding Plaintiff's sacral fractures is **DENIED**;

25. That **defendants' motion *in limine* number 25** [Doc. 153] to exclude any expert testimony that the defendants' alleged failure to follow the accepted standard of care deprived George Ramonas of a chance of recovery or increased the risk of harm to George Ramonas is **DENIED**; and

26. That **defendants' motion *in limine* number 26** [Doc. 153] to exclude any evidence or argument or suggestion that facts adopted by this Court in ruling upon JMH's Motion for Summary Judgment are "undisputed" or "established by the Court" is **GRANTED**.

As a final matter, this Court informed that jury selection will commence **Monday, February 8, 2010, at 1:30 p.m.**, and trial will begin immediately thereafter. This Court will empanel an eight (8) member jury. Each side will be given three strikes, with the defendants having a combined three strikes. Trial will recess at 5:00 p.m. on the first day, and proceedings on the remaining days will begin at 8:30 a.m. and will likely go well into the evenings.

There being no further business, the Court adjourned the matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** February 3, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE