IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

GEORGE RAMONAS,

      Plaintiff,

v.                                                        Civil Action No.: 3:08-CV-136
                                                       Jefferson Co. Civil Action No: 08-C-14
                                                                 Judge John P. Bailey

WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, et al

      Defendants.

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY STATEMENTS REGARDING NONEXISTENT MRI OR THAT PLAINTIFF WITHHELD EVIDENCE

COMES NOW, plaintiff, and hereby moves this Court for an order precluding the defendants from suggesting to the jury that plaintiff withheld an MRI from defendants. There is absolutely no support for this statement which was made during defendant Jefferson Memorial Hospital's opening statement. Plaintiff accordingly moves for an Order to preclude any such reference during the remainder of the trial and to redact references to the MRI from the medical records. Plaintiff states as follows:

**Improper Accusation In Opening Statements**

On the first day of trial, counsel for Jefferson Memorial Hospital implied—if not outright accused — the plaintiff of withholding evidence. Counsel stated "And yet now Mr. Ramonas will tell you that he does not recall having an MRI on his back, and that MRI has never been produced to us to try to compare and contrast what injuries he had before this accident and what injuries he says he has now." Exhibit A, Day 1 Transcript at p. 75. No MRI was produced to defendants because there was no MRI prior to Mr. Ramonas' accident in 2005. Defendants have

not made a claim of spoliation in this case or that a record of an MRI was being improperly withheld. The proper method to have raised any such suspicion would have been in a pre-trial motion — not in unsupported allegations to the jury.

Plaintiff provided all of his medical records and supplied defendants with blank medical releases so defendants could obtain any documents they desired. No pre-accident MRI was ever obtained by defendants because there was none. Plaintiff has provided deposition testimony that no such MRI was performed, and that if there was, it would be in Dr. Skardis' records or Mr. Ramonas' insurance would have paid for it. Exh B, Ramonas Deposition Tr., pp. 111-113. Defendants have Dr. Skardis' records and Dr. Skardis confirmed in deposition that there was no record of an MRI. Additional proof that there was no MRI is found in Mr. Ramonas' BlueCross records which were subpoenaed by defendant Cook for post-trial use under W.Va. Code §55-7B-9a, and which show that insurance did not pay for any MRI in 2005 prior to the accident. Counsel's suggestion that plaintiff withheld evidence is therefore completely inappropriate, untrue, and sanctionable.

**Any Mention Of The MRI In The Records Is Inadmissible Hearsay, Unduly Prejudicial, And Should Be Redacted**

There are two notations in the record which intimate that, shortly after his collision, George Ramonas told the EMT and the triage nurse at JMH that he had had an MRI a couple weeks before his accident which showed some degenerative joint disease. *See*, Exh. C, JMH Records. This statement was incorrect, and reflects either a misstatement by Mr. Ramonas (who had just been in a high-speed automobile accident serious enough to crack his racing helmet) or a mistake in recording. Mr. Ramonas did have a full body scan performed by Virtual Physical several *years* before the accident (2002), which did show some evidence of degenerative joint

disease, and those records were duly produced to the defendants. *See* JMH trial exhibit 9. The confusion in the JMH hospital record is likely due to that 2002 body scan.

The notations referencing the MRI are inadmissible hearsay and should be redacted from the record. They are out of court statements that are being offered to prove the truth of the matter asserted — that George Ramonas had an MRI two weeks before his accident. These utterances do not fit into any recognized exception to the hearsay rule. At first glance, they might seem to fit into the exception for statements made for purposes of medical diagnosis or treatment described in Fed. R. Evidence 803(4), but they do not. To be admissible under 803(4), statements must be "reasonably pertinent to diagnosis or treatment." Fed. R. Evidence 803(4). While the results of an MRI could possibly be pertinent in other circumstances, the fact of the study itself is not. The fact that a patient has had an MRI or an X-ray some time in the past is of absolutely no importance to an emergency room doctor diagnosing injuries from a vehicle crash. In this case, even the existence of some degenerative joint disease — the information returned from the 2002 Virtual Physical body scan — was not pertinent to the diagnosis and treatment of plaintiff's broken pelvis.

In addition, Mr. Ramonas' condition at the time the statement was made, and the absence of any confirming evidence of an MRI, make any such statement highly unreliable. Mr. Ramonas was in extreme pain, and had been through a collision violent enough to break his protective helmet. The enumerated hearsay exceptions contained in Rule 803 are to be recognized "only under circumstances supposed to furnish guarantees of trustworthiness." *Daubert v. Merrill Dow Pharms.*, 500 U.S. 579, 590 n.9 (1993)(quoting Advisory Committee's Notes on Art. VIII of Rules of Evidence, 28 U.S.C. App., p. 770). Mr. Ramonas' statement that he had had a recent MRI has none of the indicia of reliability that would make such a statement

3

admissible, and any mention of a previous MRI should be removed from the record as inadmissible hearsay.

Finally, it is prejudicial to leave the statement in the record because the jury might believe it and might think that plaintiff just did not produce the MRI from "two weeks ago" – particularly given the inappropriate comments by counsel during opening statement.  Redacting the "MRI two weeks ago" reference does not prejudice defendants at all.

**Conclusion**

For the reasons stated above, plaintiff respectfully requests that the Court preclude defense counsel from making any reference to the withholding of an MRI by plaintiff or from making any other improper statements to the jury or presenting inadmissible hearsay evidence. Plaintiff also requests that the Court preclude any further mention of the nonexistent MRI by defense counsel, and redact the two references to "MRI two weeks ago" or "several weeks ago" from the records.

Respectfully submitted,

GEORGE RAMONAS
Of Counsel

    */S/ Harvey S. Williams*
Harvey S. Williams, Esquire
Virginia State Bar No. 20857
Law Office of Harvey S. Williams
1666 Connecticut Ave., N.W.
Ste. 225
Washington, D.C.  20009
Tel (202) 462-5900
Fax (202) 462-5904
hsw@williamslegal.com

W. Howard Klatt, Esquire
West Virginia Bar No. 5253
Klatt Law Offices
1600 National Road

Wheeling, WVA  26003
Tel (304) 242-8000
Fax (304) 242-8866
whk@klattlaw.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**GEORGE RAMONAS,**

      **Plaintiff,**

v.                                   Civil Action No.: 3:08-CV-136
                                      Jefferson Co. Civil Action No: 08-C-14
                                      Judge John P. Bailey

**WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, et al**

      **Defendants.**

## CERTIFICATE OF SERVICE

    I, Harvey S. Williams, do hereby certify that I have served the foregoing **"Plaintiff's Motion In Limine To Preclude Any Statements Regarding Nonexistent MRI Or That Plaintiff Withheld Evidence"** on this 18th day of March, 2010, by electronic filing, upon counsel of record as follows:

Christine S. Vaglienti, Esq.
Associate Litigation Counsel
Legal Services Division
One Medical Center Drive
P.O. Box 8128
Morgantown, WV  26506-8128
*Counsel for Co-Defendant West Virginia University Hospitals, Inc.*
*& Jefferson Memorial Hospital*

&

Tracey B. Eberling, Esq.
Steptoe & Johnson, PLLC
1250 Edwin Miller Boulevard, Ste. 300
P.O. Box 2629
Martinsburg, West Virginia  25402-2629
*Counsel for Co-Defendant*
*Jeffrey Trent Cook, M.D.*

                                             */S/ Harvey S. Williams*
                                             Harvey S. Williams