**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**GEORGE RAMONAS,**

      Plaintiff,

**v.**
                              **Civil Action No. 3:08-CV-136**
                              **(Judge Bailey)**

**WEST VIRGINIA UNIVERSITY**
**HOSPITALS-EAST, INC.,**
**JEFFERSON MEMORIAL HOSPITAL,**
**WEST VIRGINIA UNIVERSITY BOARD**
**OF GOVERNORS, and JEFFREY TRENT**
**COOK, M.D.,**

      Defendants.

## ORDER ON COSTS

      The above-styled case is presently before the Court on Defendants' Bill of Costs [Docs. 245-246, 249]; plaintiff's Objections to the Bill of Costs [Docs. 253-254]; defendants' Replies to plaintiff's objections [Docs. 255-256]; and plaintiff's Sur-Replies [Docs. 257-258]. The Court has reviewed the record and the arguments of the parties and finds that defendant Jeffrey Trent Cook should be awarded costs in the amount of: $7,963.61; and defendant Jefferson Memorial Hospital should be awarded costs in the amount of: $6,858.73.

**I.**      **BACKGROUND**

      On February 8, 2010, the parties in the above-styled civil action appeared before this Court for jury selection and trial. The plaintiff, George Ramonas, was present by counsel, Harvey S. Williams and W. Howard Klatt. Defendants Jefferson Memorial Hospital and West Virginia University Hospitals-East, Inc. were present by counsel, Christine Vaglienti; and Defendant Jeffrey Trent Cook, M.D. was present by counsel, Tracey Eberling.

      Trial resumed on February 9, and the parties indicated that the inclement weather had prohibited certain witnesses from appearing to testify. Accordingly, trial was recessed until March 22, 2010. Following opening statements, the plaintiff presented evidence in

support of his case, including witness testimony. After the plaintiff rested his case, the defendants presented evidence in their defense, including witness testimony. At the close of the defendants' case, the parties presented closing statements to the jury. The Court instructed the jury as to the controlling law of the case and provided it with a verdict form. After deliberations, on March 25, 2010, the jury found by a preponderance of the evidence the following:

1.    The nursing staff at Defendant JMH did not deviate from the accepted standard of care in their treatment of the plaintiff;

2.    Defendant Dr. Cook did not deviate from the accepted standard of care in his treatment of the plaintiff; and

3.    The plaintiff was negligent with respect to following Defendant Dr. Cook's instructions, but that such negligence did not proximately cause his injury.

As such, the Court ordered that judgment be entered in favor of the defendants. As defendants are the prevailing party, defendants submitted their bill of costs to the Court.

**A.    Defendant Cook's Bill of Costs**

On April 23, 2010, defendant Jeffrey Trent Cook ("defendant Cook") filed his bill of costs. [Doc. 245]. In his bill of costs defendant Cook requested that the Clerk tax costs to plaintiff in the amount of $19,345.651. (Id.) The total requested included the following:

| | |
|---|---|
| **Transcripts:** | $9,287.01 |
| **Printing Costs:** | $2,437.50 |
| **Witness Fees/Costs:** | $518.10 |
| **Copies:** | $1,677.00 |

Defendant provided documentation of his costs in attached exhibits. (See [Docs. 245-1 - 245-4]). Included in defendant Cook's witnesses costs, was the cost of defendant Cook's expert witnesses.

On June 5, 2010, plaintiff filed objections to defendant Cook's bill of costs. Plaintff objected to defendant taxing the costs of the following: (1) the cost of design and printing

of exhibits; (2) the rate claimed by defendant for photocopying costs; (3) expert witness fees in excess of $40.00; and (4) the costs of depositions plaintiff maintains were only for discovery purposes.

### B. Defendant Jefferson Memorial Hospital's Bill of Costs

On April 23, 2010, defendant Jefferson Memorial Hopsital ("JMH") filed its bill of costs. [Doc. 246]. In its bill of costs defendant JMH requested that the Clerk tax costs to plaintiff in the amount of $13,538.38. (Id.) On April 26, 2010, defendant JMH filed an amended bill of costs requesting $13,458.38 [Doc. 249]. The total requested included the following:

| | |
|---|---|
| **Clerk Fees:** | $101.26 |
| **Service:** | $428.00 |
| **Transcripts:** | $8,640.12 |
| **Printing Costs:** | $2,437.50 |
| **Witness Fees/Costs:** | $1,851.50 |

Defendant provided documentation of its costs in attached exhibits. (See [Docs. 249-1 - 249-6]). Included in defendant JMH's witnesses costs, was the cost of defendant JMH's expert witnesses.

On June 5, 2010, plaintiff filed objections to defendant JMH's amended bill of costs. [Doc. 254]. Plaintiff objected to the following: (1) the cost of design and printing of exhibits; (2) the rate claimed by defendant for photocopying costs; (3) expert witness fees in excess of $40.00; (4) the costs of depositions plaintiff maintains were only for discovery purposes; and costs such as copying fees paid to the clerk which plaintiff alleges were incurred merely for the convenience of counsel.

## II. Standard of Review

Rule 54(d) of the Federal Rules of Civil Procedure mandates that costs other than attorneys' fees be allowed "as of course to the prevailing party, unless the Court otherwise

directs." Fed.R.Civ.P. 54(d).  United States Code, Chapter 28, Section 1920 sets forth the expenses that are generally recoverable by the prevailing party as follows:

> (1) fees of the clerk and marshal;
>
> (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) fees and disbursements for printing and witnesses;
>
> (4) fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) docket fees under 28 U.S.C. § 1923; and
>
> (6) compensation of court appointed compensation of interpreters, and fees, expenses, and costs of interpretation services under § 1828.

Additionally, section 1924 requires that the party submitting the bill of costs aver that the bill is "correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  28 U.S.C. § 1924.

The prevailing party bears the burden of showing that the requested costs are allowable under §1920.  *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D.Va.1998).  Once the prevailing party has carried its burden, the burden then shifts to the losing party to show any impropriety of taxing the proposed costs.  *Id.*

Courts are limited to assessing only those costs enumerated under 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  An award of the listed expenses is discretionary. *Id.* at 441-45.  Rule 54(d) does not give the district court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 378 U.S. 227 (1964), *disapproved of on other grounds Crawford Fitting Co.* 482 U.S. at

443 (disapproving of the statement in *Farmer* litigants interpreted as permitting courts to tax costs not specifically authorized by statute).

A district court must state the reasons for allowing or disallowing items of costs requested by a prevailing party. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1583-84 (7th Cir.1990). A district court must ensure that the costs are reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Absent an abuse of discretion, a district court's award of costs will not be disturbed on appeal. *Herold v. Hajoca Corp.*, 864 F.2d 317, 321 (4th Cir.1988).

## III.    DISCUSSION

The Court will now address the defendant Cook's and defendant JMH's costs in turn.

### A.    Defendant Cook's Costs

Defendant Cook has requested that the Clerk tax costs to plaintiff in the amount of $19,345.651. Plaintiff claims that only $2,686.05-$2,776.05 of the amount is allowed by statute. ([Doc. 253] at 13). The parties addressed each cost by category, so for the sake of clarity the Court will do the same.

#### 1.    Fees and Disbursements for Printing

In his bill of costs, plaintiff requested that the Clerk tax plaintiff $2,437.50 for printing costs. Costs for printing are allowed by § 1920(3). The printing costs requested, however, include the costs of creating exhibits for trial. While such exhibits have been allowed as costs by some courts, they are only allowed where the exhibits were "necessary." *See Advanced Business Systems & Supply Co. v. SCM Corp.*, 287 F.Supp. 143, 164 (D. Md. 1968) (stating, "The costs of exhibits which are merely illustrative of or incidental to expert testimony is not taxable.")

Here, defendant Cook has failed to identify with any specificity what exhibits he is seeking to tax. The invoice submitted to the court appears to include the costs of printing four (4) exhibits, as well as $400.00 for "Research & development", $350.00 for "admin, FedEx, supplies, mounting, portfolio, etc", and $750.00 for which no itemization is listed.

5

The presumption is that the prevailing party–defendant Cook– is entitled to costs. When plaintiff challenges whether such costs are properly taxable, however, it is the burden of defendant Cook to show that such costs fall under the costs allowed by statute.

The Court finds that defendant has failed to carry his burden. Specifically, the Court notes that defendant: (1) failed to identify the exhibits in the record; (2) failed to present the Court with any evidence other than counsel's assertions that the "exhibits" were "critical to the juror's understanding of the medical issues in dispute" ([Doc. 256] at 1); (3) failed to explain to the Court how costs for "research and development" or for "admin, FedEx, supplies, mounting, portfolio, etc" are properly included under § 1920(3); and (4) failed to account for the 'mystery' $750.00 difference between the "total cost" and "final cost." Accordingly, the Court **DENIES** defendant Cook's request to tax printing costs in the amount of $2,437.50.

### 2. Witness Fees and Costs

Defendant Cook requests that costs in the amount of $518.10 be taxed for witness fees, mileage, and hotel costs. [Doc. 256]. Specifically, defendant Cook requests the following:

| | | |
|---|---|---|
| Dr. Shank: | $246.40 | ($40 appearance fee, plus hotel) |
| Dr. Hebert: | $238.20 | (One half appearance fee, plus mileage and hotel) |
| Dr. Cirincione: | $33.50 | (One half appearance fee, plus mileage) |

([Doc. 256] at 2).

Chapter 28, United States Code, Section 1920(3) allows the prevailing party to tax witness fees subject to the provisions of Chapter 28, United States Code, Section 1821. The statute provides:

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning

and end of such attendance or at any time during such attendance.

28 U.S.C. §1821(b). Plaintiff admits that $80.00 of this amount is taxable: $20.00 appearance fees for Drs. Cirincione and Hebert[1], and a $40.00 appearance fee for Dr. Shank. (Id.) Plaintiff objects, however, to the hotel and mileage costs requested.

a. Mileage

Plaintiff objects to the taxing of mileage for defendant's witnesses on the grounds that mileage is allowable only for distances up to 100 miles, and because the distances traveled by the witnesses are not adequately documented. Chapter 28, United States Code, Section 1821(c) provides for reimbursement for costs of travel. The statute provides in pertinent part:

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C. § 1821(c)(2). For the 2010 fiscal year, the Administrator of General Services set the mileage reimbursement rate at $0.50 per mile. Here, defendant Cook requests that travel milage costs be taxed in the following amounts:

Dr. Shank:        $100.00      (200 miles)

Dr. Hebert:        $185.00      (370 miles–half of total mileage)

Dr. Cirincione:    $13.50       (27 miles--half of total mileage)

---

[1] The appearance fees for Drs. Cirincione and Hebert are halved because the witness costs were split between defendants City Hospital and Cook.

The Court is unconvinced by plaintiff's argument that mileage in excess of 100 miles should be disallowed. The Court has discretion to award costs to the prevailing party so long as those costs are allowed pursuant to 28 U.S.C. § 1920. Although plaintiff cited cases which disallowed mileage in excess of 100 miles, reasoning that such is the reach of this Court's subpoena power, and that allowing parties to tax additional mileage might permit "prevailing parties to run up exorbitant costs and tax them to the opposing parties" ([Doc. 253] at 5), there are likewise cases which have allowed for taxing of mileage in excess of 100 miles. *See **Ortho-McNeil Pharmaceutical, Inc. v. Mylan Laboratories, Inc.**, 2008 WL 7384877 (Aug. 18, 2008, N.D. W.Va.) (allowing travel costs in the amount of $53,939.94 for 45 witnesses, including airfare), *rev'd on other grounds*, 569 F.3d 1353 (Fed. Cir. 2009).

Defendant Cook has provided the Court with an invoice from Dr. Herbert. In his invoice, Dr. Herbert states the distance traveled. Additionally, counsel for defendant asks that this Court take judicial notice of the distances traveled by Dr. Shank and Dr. Cirincione. The Court will take judicial notice of the distances traveled, but the rule requires *not* that the Court know how far from Court the witnesses live–but how far the witnesses actually traveled. As such, the Court will also look to the bill of costs submitted by counsel, signed under penalty of perjury, which includes mileage costs for Dr. Shank and Dr. Cirincione. Accordingly, this Court finds in its discretion that taxing the cost of 370 miles, and 200 miles, respectively is reasonable.

This Court finds that defendant should be reimbursed at the rate of $0.50 per mile for the cost of defendant's witness travel for a total of: **$298.50**

        b.   Per Diem and Hotel

The statute also provides for subsistence and hotel allowance in § 1821(d). The statute provides in pertinent part:

> A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant

> to section 5702(a) of title 5, for official travel in the area of
> attendance by employees of the Federal Government.

18 U.S.C. § 1821(d)(2). For fiscal year 2010, in West Virginia the per diem amount ranged from $81.00 to $101.00. This amount includes the cost of hotel.

The totals claimed as costs by defendant Cook are: $106.00 for Dr. Shank, and $33.20 for Dr. Hebert. Plaintiff objects to payment of $33.20 for Dr. Hebert on the grounds that defendant could have retained an expert closer to the point of trial. Plaintiff objects to payment of $106.00 for Dr. Shank on the grounds that Dr. Shank could have driven in on the morning of trial. The Court finds in its discretion, however, that the costs of **$33.20** and **$101.00**[2] are reasonable, allowed by statute, and should be taxed to plaintiff.

### 3. Fees for Copying

Defendant Cook requests that the Court tax $1674.50[3] (6698 copies at $0.25) for costs of copies made by in-house defense counsel. 18 U.S.C. § 1920(4) allows a prevailing party to recover "fees for exemplification and copies of paper necessarily obtained for use in the case." Id. "Recoverable costs include costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." ***Ortho-McNeil Pharmaceutical, Inc.,*** 2008 WL 7384877 at * 7. "The party moving for taxation of costs must present evidence 'regarding the documents copied including their use or intended use.'" ***Monelus v. Tocodrian, Inc.***, 609 F.Supp.2d 1328, 1355 (S.D. Fla. 2009).

---

[2] The Court reduced the amount of Dr. Shank's costs to the maximum allowed under the West Virginia Federal per diem rates.

[3] Defendant's bill of costs incorrectly stated the amount as $1,677.00. As the Court calculates, however, 6698 x .25 = 1674.5. The Court has, therefore, amended the amount defendant requests taxed accordingly.

(quoting ***Cullens v. Georgia Dept. of Trans.***, 29 F.3d 1489, 1494 (11th Cir. 1994)).

   a. <u>Number of Copies</u>

  Defendant Cook states that a total of 3,406 pages were copied for trial, and 3,292 pages for trial exhibit notebooks for counsel and the court. [Doc. 245-4]. Defendant states the 3,406 pages copied for trial included copies of "deposition transcripts and medical records for presentation at trial." (Id). Additionally, the 3,292 pages included "the exhibit notebook for Plaintiff's local and pro hac vice attorney, the court, and counsel for the hospital and a set for his attorney's use." ([Doc. 256] at 3).

  Plaintiff objects to the number of pages 'copied for trial' as "there was no need for Cook to use any documents not contained in his trial notebook." ([Doc. 253] at 5). Plaintiff also objects to the number of pages copied for the trial notebooks because "Cook's entire notebook contains less then 500 pages, and defendant has offered no reasons why *more* than six copies of the notebook would be necessary." (Id.) (emphasis in original). Plaintiff also objects to what plaintiff finds to be "unnecessary" portions of the trial notebook which plaintiff notes were either not used or referenced at trial. (Id.) In response to plaintiff's objections, defendant simply noted what the contents of the notebooks were, and that the other documents copied for trial consisted of "deposition transcripts and medical records." ([Doc. 256] at 3).

  Costs should be awarded for photocopying expenses where "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." ***E.E.O.C. v. W & O, Inc.***, 213 F.3d 600, 620 (11th Cir. 2000). "As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." ***Monelus***, 609 F.Supp.2d at 1355. "In proving that copies were necessary to the litigation and not made solely for attorney convenience, a party need not submit a 'description so detailed as to make it impossible to economically to recover photocopying costs.'" ***Ortho-McNeil Pharmaceutical, Inc.,*** 2008 WL 7384877 * 9 (quoting ***Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.***, 924 F.2d

633, 643 (7th Cir. 1991)). "Rather, the prevailing party must provide information regarding the purpose of the copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." *Monelus*, 609 F.Supp.2d at 1355.

Here, plaintiff stipulates to 3000 of the 3,292 pages defendant seeks to tax for the cost of the trial exhibit notebooks. Thus, the Court is left with an alleged discrepancy of 292 pages between the alleged total number of pages copied for the trial notebooks, and the number of total copies charged[4]. As defendant Cook failed to dispute or explain the discrepancy, the Court will reduce the number of copes for the trial notebooks to 3,000. (See [Doc. 256]).

With regard to the other copies produced for trial (all of which plaintiff disputes were necessary), the Court finds the description that the copies were of "deposition transcripts and medical records" inadequate. Although this Court does not necessarily find it unreasonable that 3,406 pages would be copied, defendant has provided this Court with no additional information from which to determine if these were necessary copies of the depositions and records, or simply additional copies for the convenience of counsel. *See Cook v. Jones & Jordan Eng'g, Inc.*, 2009 WL 3169152 * 6 (S.D.W.Va. September 29, 2009) (refusing to award photocopying costs where the prevailing party did not provide the court with an explanation of the purposes of the copies); *O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F.Supp. 728, 737 (E.D. Va. 1998); *Monelus*, 609 F.Supp.2d at 1336; *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (losing party "should not be held responsible for multiple copies of documents, attorney correspondence, or any other of the multitude of papers that may pass through a law firm's Xerox machines"). *But see*, *Watkins v. Wells Fargo Home Mortg.*, 2010 WL 2486247 *5 (S.D.W.Va. June 15, 2010)

---

[4] Plaintiff alleges that defendant's trial notebook included less than 500 pages, and that six copies of the notebook would, therefore, amount to less than 3,000 pages. In his response, defendant Cook failed to refute this argument.

(finding affidavit of counsel that all copies were necessary was sufficient to warrant recovery). As noted above, the prevailing party must provide the Court with enough information to make a judgment as to the necessity of the copies, and here defendant failed to provide the Court with sufficient information. (See [Doc. 265]). As such, this Court in its discretion finds that plaintiff should be taxed the cost of **3,000 copies**.

        b.   Rate of Copies

Defendant Cook has requested that the Court tax copies at a rate of $0.25 per page. Plaintiff objects to this rate noting that commercial copy centers quote a rate of $0.09 per page. (See [Doc. 253-1]). Plaintiff further argues that because the rate of $0.09 per page includes overhead and a profit margin that an "appropriate rate" would be $0.03 per page. ([Doc. 257] at 4).

The Court agrees with plaintiff that the rate of $0.25 per page is somewhat high. The Court does not, however, believe that a private law firm should match–or undercut–the rate of a commercial copy center. The Court has little doubt that the costs to a law firm for copying are higher than the costs of the commercial copy centers. Copy centers will receive volume discounts on equipment, service, and supplies, that law firms will not.

The Court therefore, in its discretion, after reviewing rates in other similar cases finds that a rate of $0.20 per page is reasonable. *See **Ortho-McNeil Pharmaceutical, Inc.,*** 2008 WL 7384877 * 8 (taxing photocopying costs at a rate of $0.20 per page); ***Monelus***, 609 F.Supp.2d at 1336 (noting that prevailing party seeks $0.19 per page, awarding rate of $0.14 per page; and reviewing collected case law citing: ***Pawnbrokers and Secondhand Dealers Ass'n v. City of Fort Lauderdale***, 711 F.Supp. 1084, 1086 (S.D.Fla. 1989) (rate of $0.25 per page); ***Ferguson v. Bombardier Serv. Corp.***, 2007 WL 601921 *6 (M.D. Fla. Feb. 21, 2007) (reasonable rate of $0.10-$0.15 per page); ***James v. Wash Depot Holdings, Inc.***, 242 F.R.D. 645, 652 (S.D.Fla. 2007) (holding reasonable rate of $0.10 per page in Southern District; $0.15-$0.19 per page as unnecessarily high without factual support for increased rate for higher in-house rate)). In making this determination,

the Court also notes that as this case included many confidential medical records, it was unreasonable for plaintiff to expect defendant to use outside copying services as opposed to copying the documents in-house. Accordingly, defendant is entitled to have copying costs taxed in the amount of: **3,000 pages x $0.20 per page = $600.00**

### 4. Fees for Transcripts

A prevailing party is entitled to recover the cost of "stenographic transcript[s] necessarily obtained for use in the case." 18 U.S.C. § 1920(2). The Fourth Circuit has generally favored the allowance of costs for deposition transcripts so long as such costs were "reasonably necessary." ***LaVay Corp. v. Dominion Fed. Sav. & Loan Assoc.***, 830 F.2d 522, 528 (4th Cir. 1987)[5]. Thus, in order for deposition costs to be properly taxed, the

---

[5] In his briefs, plaintiff relies heavily on **Sperry Rand Corp. v. A-T-O, Inc.**, 58 F.R.D. 132 (E.D.Va. 1973) and cases which cite to it. This Court finds, however, that the **Sperry** standard that transcripts of depositions which are not introduced at trial are not taxable, is no longer good law. This Court agrees with the reasoning in **Bd. of Dirs., Water's Edge v. Anden Group**, 135 F.R.D.129, 132 (E.D.Va. 1991). In that case, the court reasoned as follows:

> ...the Fourth Circuit, since **Sperry**, has held, in a case involving a directed verdict for defendant at the close of the plaintiff's case, that a "district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." **LaVay Corp. v. Dominion Federal Savings & Loan Association**, 830 F.2d 522, 528 (4th Cir.1987), *cert. denied*, 484 U.S. 1065, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988). The Fourth Circuit specifically disapproved, at least under the facts of **LaVay** where no full trial had occurred, of this District's "practice of allowing costs only for depositions admitted at trial." ***Id.*** It therefore remanded the case for consideration of "whether these costs were reasonably necessary for

13

prevailing party need only show that the deposition was at the time "relevant and material for the preparation in litigation." ***Cofield v. Crumpler***, 179 F.R.D. 510, 518 (E.D.Va. 1998) (internal quotations omitted). Further, the Court should consider whether the deposition was "necessary to counsel's effective performance and proper handling of the case." ***Marcoin, Inc., v. Edwin K. Williams & Co.***, 88 F.R.D. 588, 590 ( E.D.Va. 1980).

---

*preparation for trial* at the time they were taken." ***Id.*** (emphasis added). In so holding, the ***LaVay*** court brought the Fourth Circuit, at least where there is a merits disposition short of full trial, into agreement with numerous other Circuits that have held that, whether or not there has been a full trial, deposition costs should be taxed where the depositions were "necessarily obtained for use in the case" at the time they were taken. The broad language of ***LaVay*** suggests that the Fourth Circuit also intended the standard it propounded to apply even in cases that go to trial. ***Sperry*** and ***Sun Publishing***, to the extent they hold that deposition transcripts must be introduced at trial or used for impeachment before related costs can be taxed, appear to have been overruled *sub silentio.* This is a sensible conclusion, given that it seems fair to determine the need for a deposition by looking at the factors known at the time of its taking, whether or not a case ultimately has a full trial. Events occurring after the taking of a deposition, and at trial, may be considered in the event they shed light on whether a party should have known that a deposition was unnecessary at the time of its taking. But omniscience should not be the standard; subsequent events are relevant only to the extent they indicate what was known or should have been known at the time of the taking of the deposition.

14

United States Code, Chapter 18, Section 1920, includes the cost of video transcripts, in addition to the cost of written transcripts.  *See* ***Cherry v. Champion Int'l Corp.***, 186 F.3d 442, 449 (4th Cir. 1999).  In order for a party to recover for *both* transcription and videotaping costs–the prevailing party must show that both the transcript and video were "necessarily obtained for use in the case." ***Id.*** (quoting 28 U.S.C. §1920).  Court reporter fees and costs for one original and one copy of the deposition transcript are recoverable under § 1920.  *See* ***Bd. of Dirs., Water's Edge v. Anden Group***, 135 F.R.D. 129, 134 (E.D.Va. 1991); ***State Auto Property and Cas. Ins. Co. v. Eastern Data Systems, Inc.***, 2008 WL 4103979 *2 (S.D.W.Va. 2008).

Here, defendant Cook requests that the Court tax costs of depositions and transcripts in the amount of: $9,287.01.  Plaintiff objects to all but $2,636.35 of this amount. ([Doc. 253] at 13).  Plaintiff's primary objection is that certain depositions were unnecessary as they did not pertain to the portion of the case of which defendant Cook was a part, or that the deposition was merely a 'discovery' deposition and, therefore, not properly taxable. The Court has reviewed the arguments of the parties as to each deposition and finds in its discretion as follows:

> a.  Kenneth Stein, M.D., David Siegel, M.D., Christina Coad, Conrad Nau, Elizabeth Ridgely, Carrie White, Eric Carper, and Sharon Ciccone

Defendant Cook claims a combined total of $2,427.71 for the deposition costs of Kenneth Stein, M.D., David Siegel, M.D., Christina Coad, Conrad Nau, Elizabeth Ridgely, Carrie White, Eric Carper, and Sharon Ciccone.  Plaintiff objects to these costs on the grounds that these witnesses only testified as to issues of liability on the part of JMH.  In response, defendant Cook detailed why the depositions were "relevant and material for the preparation in litigation." ***Cofield***, 179 F.R.D. at 518.  The Court finds defendant's reasons satisfactory.  Accordingly, the Court finds in its discretion that plaintiff should be taxed costs in the amount of **$2,427.71** for the deposition costs of Kenneth Stein, M.D., David Siegel,

M.D., Christina Coad, Conrad Nau, Elizabeth Ridgely, Carrie White, Eric Carper, and Sharon Ciccone.

      b.    <u>Frederick Ammerman, M.D.</u>

Defendant Cook claims a total of $291.50 for the deposition costs of Dr. Frederick Ammerman. Plaintiff objects to this cost because Dr. Ammerman was released from the case early in the litigation. Plaintiff argues that because Dr. Ammerman was released early on, his deposition could not have been 'obtained for use at trial.' (See [Doc. 253] at 8). In response, defendant Cook notes that Dr. Ammerman was included on Dr. Cook's witness list, that his deposition was taken at a time when he was still a party to the action, and that Dr. Shank–Dr. Cook's expert–relied on the deposition testimony of Dr. Ammerman. The Court finds defendant's reasons satisfactory. Accordingly, the Court finds in its discretion that plaintiff should be taxed costs in the amount of **$291.50** for the deposition costs of Dr. Ammerman.

      c.    <u>Denise Ramonas</u>

Defendant Cook claims a total of $627.70 for the deposition costs of Denise Ramonas ($277.70 for the transcript; $350.00 for the teleconference room). Plaintiff objects to this amount, arguing that the deposition of Ms. Ramonas was merely for discovery purposes, and that the costs of the video-conference are not taxable.

The Court finds that the cost of the transcript of the deposition is recoverable. In arguing that the deposition was only for discovery purposes, plaintiff points to the fact that neither defendant asked any questions of Ms. Ramonas at trial. The Court finds, however, that not asking questions of Ms. Ramonas is not dispositive. While the costs of a deposition taken solely for discovery purposes are not recoverable, the decision not to cross examine a witness is a strategic. Ms. Ramonas testified at trial, and the Court finds that it was reasonable and prudent for defendant Cook to have a copy of Ms. Ramonas' deposition on hand should he have required it for impeachment purposes. Accordingly, the

Court, in its discretion, finds plaintiff should be taxed costs in the amount of **$277.70** for the deposition transcript costs of Ms. Ramonas.

Additionally, with regard to the costs of conducting the deposition via video-teleconference, the Court finds that the costs are not taxable under the statute. The Court also finds in its discretion that the cost of conducting the deposition via video-teleconference is not recoverable. Plaintiff argues that conducting the deposition via video-teleconference was for the convenience of counsel and, therefore, the costs of the video-teleconference are not recoverable. Defendant argues that the cost is recoverable because it is reasonable, and the video-teleconference was also for the convenience of the witness. Neither party cited any law relating to taxing the costs of a video-teleconference, and this Court has found no case on point. The Court is persuaded, however, that the cost of the video-teleconference is akin to the travel costs of counsel. As such, it cannot be taxed as a cost under 28 U.S.C. § 1920. *See e.g.* ***B.P. v. Charlotte-Mecklenburg Bd. of Educ.***, 2010 WL 1418334 (W.D.N.C. April 2, 2010).

        d.     <u>Robert Cirrincione, M.D. and David Shank, M.D.</u>

Defendant Cook claims a total of $1,294.00 for the transcript costs of Dr. Cirrincione and Dr. Shank. Plaintiff objects to this amount, arguing that the depositions were merely for discovery purposes, and that defendant is not entitled to tax the costs of the deposition transcripts of his own witnesses.

The Court finds that the cost of the transcripts for both witnesses are recoverable. Plaintiff argues that because these transcripts were of the depositions of defendant's own witnesses–defendant is not entitled to tax the costs of the transcripts unless the witnesses were either unavailable for trial or the transcript was introduced at trial. Here, both witnesses testified at trial, and neither transcript was used by the defendant at trial. Defendant Cook argues, however, that as both witnesses elected to read and sign their depositions the taxing of the costs is appropriate.

The Court finds that it was reasonable and prudent for defendant Cook to have a copy of  Dr. Cirrincione and Dr. Shank's depositions.  Accordingly, the Court, in its discretion, finds   plaintiff should be taxed costs in the amount of **$1,294.00** for the deposition transcript costs of  Dr. Cirrincione and Dr. Shank.

    e.  <u>David Milzman, M.D.</u>

Defendant Cook claims a total of $1,839.40 for the deposition costs of Dr. Milzman. Plaintiff objects to this amount, arguing that the amount includes costs incurred for the convenience of counsel.  Specifically, plaintiff objects to defendant's request to tax the cost of the deposition transcript, two tapes of the deposition, copying exhibits, shipping and handling, as well as the cost of the video-teleconference.

The Court finds that only the cost of the deposition transcript is recoverable.  The Court has excluded the cost of the videotapes because while a tape could be necessary in order to evaluate the expert's testimony--defendant has failed to make an adequate showing that it was necessary in this case.  *See **Cherry v. Champion Int'l Corp.**,* 186 F.3d 442, 449 (4th Cir. 1999) ("The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial. *See **Fogleman v. ARAMCO*** (Arabian American Oil Co.), 920 F.2d 278, 285 (5th Cir.1991) (stating that deposition costs reasonably incurred for trial preparation or for use at trial, 'rather than for the mere convenience of counsel,' constitute taxable costs under 28 U.S.C. § 1920(2)). While there surely are circumstances when both a videotape and a transcript of a deposition may be necessary, Champion has not made the showing why either a transcript or a videotape would not have been sufficient for the need it identified.") Additionally, the Court has excluded the costs of copying exhibits and shipping and handling.  The Court finds that those costs were incurred for the convenience of counsel and, therefore, are not taxable.  *See **Ortho-McNeil Pharm., Inc. v. Mylan Labs, Inc.**,* 2008  WL 7384877 (N.D.W.Va. August 18, 2008), *rev'd on other grounds,* 569 F.3d 1353 (Fed. Cir. 2009).

The Court also finds in its discretion that the cost of conducting the deposition via video-teleconference is not recoverable. Plaintiff argues that conducting the deposition via video-teleconference was for the convenience of counsel and, therefore, the costs of the video-teleconference are not recoverable. Defendant argues that the cost is recoverable because it is reasonable, and the video-teleconference was also for the convenience of the witness. Neither party cited any law relating to taxing the costs of a video-teleconference, and this Court has found no case in this circuit on point. The Court is persuaded, however, that the cost of the video-teleconference is akin to the travel costs of counsel. As such, it cannot be taxed as a cost under 28 U.S.C. § 1920. *See e.g.* **B.P. v. Charlotte-Mecklenburg Bd. of Educ.**, 2010 WL 1418334 (W.D.N.C. April 2, 2010); *but see* **Doria v. Class Action Services, LLC**, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (awarding costs including fees for videoconferece depositions noting that taxation of deposition costs is authorised by § 1920(2)).

Accordingly, the Court, in its discretion, finds  plaintiff should be taxed costs in the amount of **$893.85** for the deposition transcript costs of Dr. Milzman.

f.    Faheem Sandhu, M.D.

Defendant Cook claims a total of $1,628.05 for the deposition costs of Dr. Sandhu. Plaintiff objects to this amount, arguing that the amount includes costs incurred for the convenience of counsel. Specifically, plaintiff objects to defendant's request to tax the cost of the videotape of Dr. Sandhu's deposition.

The Court finds that only the cost of the deposition transcript is recoverable. The Court has excluded the cost of the videotape because while a tape could be necessary in order to evaluate the expert's testimony–defendant has failed to make an adequate showing that it was necessary in this case. *See* **Cherry**, 186 F.3d at 449. ("While there surely are circumstances when both a videotape and a transcript of a deposition may be necessary, Champion has not made the showing why either a transcript or a videotape would not have been sufficient for the need it identified.")

Accordingly, the Court, in its discretion, finds plaintiff should be taxed costs in the amount of **$778.50** for the deposition transcript costs of Dr. Sandhu.

       g.       Jeffrey Trent Cook, M.D.

Defendant Cook claims a total of $726.90 for the deposition costs of Dr. Cook. Plaintiff objects to this amount, arguing that the amount includes costs incurred for the convenience of counsel. Specifically, plaintiff objects to defendant's request to tax the cost of copies of deposition exhibits, and for three(3) DVDs of Dr. Cook's deposition.

The Court finds that the cost of the deposition transcript and one DVD is recoverable. The Court has allowed the one DVD because plaintiff did present Dr. Cook's video testimony at trial. The Court excluded the cost of the two additional DVDs because while one DVD is a reasonable expense, the Court finds no reason why two additional tapes were necessary. *See **Cherry,*** 186 F.3d at 449.

The Court also excluded the shipping and handling costs as such costs are not reimbursable under the statute. *See **Ortho-McNeil Pharm., Inc. v. Mylan Labs, Inc.**,* 2008 WL 7384877 (N.D.W.Va. August 18, 2008),*rev'd on other grounds*, 569 F.3d 1353 (Fed. Cir. 2009).

Accordingly, the Court, in its discretion, finds plaintiff should be taxed costs in the amount of **$726.90** for the deposition transcript costs of Dr. Cook.

       h.       Dr. Jonas Skardis

Defendant Cook claims a total of $310.75 for the costs of the *de bene esse* deposition Dr. Skardis. Plaintiff objects to this amount, arguing that the amount is not taxable because "there is nothing in 28 U.S.C. § 1920 that authorizes the taxation of a video appearance at trial." ([Doc. 253] at 12). Additionally, plaintiff objects to the three (3) DVDs of Dr. Skardis' deposition and the shipping and handling costs. In response, defendant notes that the use of the video at trial is not the standard by which the Court reviews whether the costs are taxable.

The Court finds that the cost of the deposition transcript and one DVD is taxable. The Court has allowed the one DVD because the purpose of the *de bene esse* deposition is in case the witness is unable to appear at trial. Thus, although Dr. Skardis was ultimately able to testify at trial, it was reasonable and necessary for defendant to obtain a copy of the video that might be shown to the jury. The Court excluded the cost of the two additional DVDs because while one DVD is a reasonable expense, the Court finds no reason why two additional tapes were necessary. *See* **Cherry,** 186 F.3d at 449.

The Court also excluded the shipping and handling costs as such costs are not reimbursable under the statute. *See* **Ortho-McNeil Pharm., Inc. v. Mylan Labs, Inc.**, 2008 WL 7384877 (N.D.W.Va. August 18, 2008), *rev'd on other grounds*, 569 F.3d 1353 (Fed. Cir. 2009).

Accordingly, the Court, in its discretion, finds plaintiff should be taxed costs in the amount of **$240.75** for the deposition transcript costs of Dr. Skardis.

**B.      Defendant City Hospital's Costs**

Defendant City Hospital has requested that the Clerk tax costs to plaintiff in the amount of $13,458.38. Plaintiff claims that of the proposed costs, only $1909.79-$2009.79 of the amount is allowed by statute. ([Doc. 254] at 11). The parties addressed the costs by category, so for the sake of clarity the Court will do the same.

**1.      Fees and Disbursements for Printing**

In his bill of costs, defendant requested that the Clerk tax plaintiff $2,437.50 for printing costs. Costs for printing are allowed by § 1920(3). The printing costs requested, however, include the costs of creating exhibits for trial. While such exhibits have been allowed as costs by some courts, they are only allowed where the exhibits were "necessary." *See* **Advanced Business Systems & Supply Co. v. SCM Corp.**, 287 F.Supp. 143, 164 (D. Md. 1968) (stating, "The costs of exhibits which are merely illustrative of or incidental to expert testimony is not taxable.")

Here, defendant City Hospital has failed to identify with any specificity what exhibits it is seeking to tax.  The invoice submitted to the court appears to include the costs of printing four (4) exhibits, as well as $400.00 for "Research & development", $350.00 for "admin, FedEx, supplies, mounting, portfolio, etc", and $750.00 for which no itemization is listed.   The presumption is that the prevailing party–defendant City Hospital– is entitled to costs.  When plaintiff challenges whether such costs are properly taxable, however, it is the burden of defendant City Hospital to show that such costs fall under the costs allowed by statute.

The Court finds that defendant has failed to carry its burden.  Specifically, the Court notes that defendant: (1) failed to identify the exhibits; (2) failed to present the Court with any evidence that the "exhibits" were *necessary* to the juror's understanding (See [Doc. 255] at 3 (stating in total "The invoice relates to demonstrative aids prepared to refute the incomplete and inaccurate demonstrative aids used by plaintiff")); (3) failed to explain to the Court how costs for "research and development" or for "admin, FedEx, supplies, mounting, portfolio, etc" are properly included under § 1920(3); and (4) failed to account for the 'mystery' $750.00 difference between the "total cost" and "final cost."   Accordingly, the Court **DENIES** defendant City Hospital's request to tax printing costs in the amount of $2,437.50.

### 2.    Witness Fees and Costs

Defendant City Hospital requests that costs in the amount of $100.00[6] be taxed for witness fees, and mileage.  [Doc. 249].  Specifically, defendant City Hospital requests the following:

| | | |
|---|---|---|
| Eric Harper, R.N.: | $50.00 | ($40 appearance fee, plus mileage) |
| Sharon Ciccone, R.N.: | $50.00 | ($40 appearance fee, plus mileage) |

---

[6]  In defendant's Response to plaintiff's objections to its Bill of Costs, defendant City Hospital withdrew the cost of expert witness fees in the amount of $1751.50 from its bill.

([Doc. 249] at 2).

Chapter 28, United States Code, Section 1920(3) allows the prevailing party to tax witness fees subject to the provisions of Chapter 28, United States Code, Section 1821. The statute provides:

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. §1821(b).  Plaintiff admits that $80.00 of this amount is taxable.  Plaintiff objects, however, to the mileage costs requested.

a.   <u>Mileage</u>

Plaintiff objects to the taxing of mileage for defendant's witnesses on the grounds that mileage is not adequately documented.  Chapter 28, United States Code, Section 1821(c) provides for reimbursement for costs of travel.  The statute provides in pertinent part:

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C. § 1821(c)(2).  For the 2010 fiscal year, the Administrator of General Services set the mileage reimbursement rate at $0.50 per mile.  Here, defendant City Hospital has not provided the Court with any mileage amounts, but simply requests $10.00 per witness for travel from Washington D.C.  The Court looked up the mileage from Washington D.C. to Martinsburg, West Virginia and found the total mileage to be 79.2 miles.

Accordingly, defendant should be reimbursed at the rate of $0.50 per mile for the cost of defendant's witness travel for round-trip total of: $79.20 per witness. As this amount is higher than the amount requested by defendant, however, the Court finds that the lower amount is appropriate.

Accordingly, defendant is entitled to have witness costs taxed in the amount of: **$100.00.**

### 3. Fees for Transcripts

A prevailing party is entitled to recover the cost of "stenographic transcript[s] necessarily obtained for use in the case." 18 U.S.C. § 1920(2). The Fourth Circuit has generally favored the allowance of costs for deposition transcripts so long as such costs were "reasonably necessary." ***LaVay Corp. v. Dominion Fed. Sav. & Loan Assoc.***, 830 F.2d 522, 528 (4th Cir. 1987). Thus, in order for deposition costs to be properly taxed, the prevailing party need only show that the deposition was at the time "relevant and material for the preparation in litigation." ***Cofield v. Crumpler***, 179 F.R.D. 510, 518 (E.D.Va. 1998) (internal quotations omitted). Further, the Court should consider whether the deposition was "necessary to counsel's effective performance and proper handling of the case." ***Marcoin, Inc., v. Edwin K. Williams & Co.***, 88 F.R.D. 588, 590 ( E.D.Va. 1980).

United States Code, Chapter 18, Section 1920, includes the cost of video transcripts, in addition to the cost of written transcripts. *See* ***Cherry v. Champion Int'l Corp.***, 186 F.3d 442, 449 (4th Cir. 1999). In order for a party to recover for *both* transcription and videotaping costs–the prevailing party must show that both the transcript and video were "necessarily obtained for use in the case." ***Id.*** (quoting 28 U.S.C. §1920). Court reporter fees and costs for one original and one copy of the deposition transcript are recoverable under § 1920. *See* ***Bd. of Dirs., Water's Edge v. Anden Group***, 135 F.R.D. 129, 134 (E.D.Va. 1991); ***State Auto Property and Cas. Ins. Co.***, 2008 WL 4103979 at *2.

Here, defendant City Hospital requests that the Court tax costs of depositions and transcripts in the amount of: $8,640.12. Plaintiff objects to all but $1,789.79 of this amount.

([Doc. 254] at 11). Plaintiff's primary objection is that transcripts of certain depositions were unnecessary and because such transcripts were not necessary for use at trial, they are not properly taxable. The Court has reviewed the arguments of the parties as to each deposition and finds in its discretion as follows:

a. <u>Elizabeth Ridgely</u>

Defendant City Hospital claims a total of $1,236.40 for the costs of presenting Elizabeth Ridgely's trial testimony by video-conference. Plaintiff objects to this cost on the ground that had defendant's witness come to Martinsburg to testify defendant would only be entitled to a $40.00 witness fee. In support of its argument, plaintiff notes that the cost of videotaping a witness who is unavailable for trial fits most appropriately under 28 U.S.C. § 1920(3) as a variant form of a witness fee. *See **Fressel v. AT & T Technologies, Inc.**,* 103 F.R.D. 111 (N.D. Ga. 1984) (allowing §1821 per diem fee where losing party consented to video testimony). As such, plaintiff argues, the recovery for such testimony is limited to the per diem amount of $40.00 established in 28 USC §1821(b). *See **Id.***

In defendant's response, it argued that the testimony was necessary by video because the date of the trial was moved due to inclement weather. Defendant did not refute plaintiff's authority. This Court found, however, that some courts have taxed costs of videotaped depositions, finding that such costs fit better under "deposition expenses" than under "witness fees." ***Deaton v. Dreis and Krump Mfg. Co.**,* 134 F.R.D. 219 (N.D.Ohio Jan 10, 1991) (noting that some courts have found videotaped testimony to be a variant of a witness fee, but holding that the cost of preparing videotaped testimony used at trial was taxable as a deposition expense). This Court is persuaded by the reasoning of the ***Deaton*** court and finds that the cost of presenting Elizabeth Ridgely's trial testimony by video-conference is taxable.

Accordingly, the Court finds in its discretion that plaintiff should be taxed costs in the amount of **$1,236.40** for the cost of presenting Elizabeth Ridgely's trial testimony by video-conference.

b.     Frederick Ammerman, M.D.

Defendant City Hospital claims a total of $773.50 for the deposition costs of Dr. Frederick Ammerman.  Plaintiff objects to this cost because Dr. Ammerman was released from the case early in the litigation.   Plaintiff argues that because Dr. Ammerman was released early on, his deposition could not have been 'obtained for use at trial.'  (See [Doc. 254] at 6).   In response, defendant City Hospital notes that Dr. Ammerman's deposition was taken at a time when he was still a party to the action, and that at the time it was reasonable and necessary for City Hospital to attend the deposition and obtain a transcript of the deposition. ([Doc. 255] at 5).   The Court finds defendant's reasons satisfactory. Accordingly, the Court finds in its discretion that plaintiff should be taxed costs in the amount of **$773.50** for the deposition costs of Dr. Ammerman.

c.     Denise Ramonas and Carrie White

Defendant City Hospital claims a total of $263.00 for the deposition transcripts of Denise Ramonas and Carrie White.   Plaintiff objects to this amount, arguing that the depositions of Ms. Ramonas and Ms. White were merely for discovery purposes, and that the costs are, therefore, not taxable.

The Court finds that the cost of the transcripts of the deposition are recoverable. In arguing that the deposition of Ms. Ramonas was only for discovery purposes, plaintiff points to the fact that neither defendant asked any questions of Ms. Ramonas at trial.  The Court finds, however,  that not asking questions of Ms. Ramonas is not dispositive.  While the costs of a deposition taken solely for discovery purposes are not recoverable, the decision not to cross examine a witness is a strategic.  Ms. Ramonas testified at trial, and the Court finds that it was reasonable and prudent for defendant City Hospital to have a copy of Ms. Ramonas' deposition on hand should he have required it for impeachment purposes.

Additionally, the Court finds that the cost of the transcript of Ms. White is recoverable.  In arguing that the deposition of Ms. White  was only for discovery purposes,

plaintiff points to the fact that neither defendant called Ms. White as a witness at trial.  The Court finds, however,  that not calling Ms. White as a witness is not dispositive.  Ms. White was an employee of City Hospital and she exercised her right to read and sign her deposition.  It was, therefore, reasonable and prudent for defendant City Hospital to have a copy of Ms. White's deposition in order to ensure City Hospital had all the proper information.  Additionally, at the time the deposition was noticed, the Court finds that it was reasonable to expect Ms. White to be a witness at trial and should she have been called it would be necessary for City Hospital to have a copy of the deposition transcript should it be required it for impeachment purposes.

Accordingly, the Court, in its discretion, finds  plaintiff should be taxed costs in the amount of **$263.00** for the deposition transcript costs of Ms. Ramonas and Ms. White.

> d. <u>Robert Cirrincione, M.D., David Shank, M.D., and Elizabeth Ridgely, R.N.</u>

Defendant City Hospital claims a total of $1972.73 for the transcript costs of Dr. Cirrincione, Dr. Shank, and Nurse Ridgely.  Plaintiff objects to this amount, arguing that the depositions were merely for discovery purposes.

The Court finds that the cost of the transcripts for all three witnesses are recoverable.  Plaintiff argues that defendant is not entitled to tax the costs of the transcripts unless the witnesses were either unavailable for trial or the transcript was introduced at trial.  Defendant Cook argues, however, that as both witnesses elected to read and sign their depositions the taxing of the costs is appropriate.

The Court finds that it was reasonable and prudent for defendant City Hospital to have a copy of  Dr. Cirrincione, Dr. Shank, and Nurse Ridely's depositions.  Accordingly, the Court, in its discretion, finds  plaintiff should be taxed costs in the amount of **$1972.73** for the deposition transcript costs of  Dr. Cirrincione, Dr. Shank, and Nurse Ridgely.

e.      Kenneth Stein, M.D., and David Siegel, M.D.

Defendant City Hospital claims a total of $1,319.23 for the deposition costs of Dr. Stein and Dr. Siegel.    Plaintiff objects to this amount, arguing that the depositions were merely for discovery purposes.  Additionally, plaintiff argues that because the depositions were not a part of the Court's decision to grant defendant summary judgment on the EMTALA claim that the transcript and deposition costs are, therefore, not taxable.  ([Doc. 254] at 6) (citing *Wyne v. Medo Industries, Inc.*, 329 F.Supp.2d 584 (D.Md. 2004)(the court stated, "it is reasonable to tax only those depositions submitted in connection with the dispositive motion that terminated the litigation" and cited to the published court policy noting that such depositions are taxable)).    In response, defendant argues that the depositions were reasonably necessary at the time the depositions were taken.

The Court finds that it was reasonable and prudent for defendant City Hospital to depose the EMTALA experts and to have a copy of their depositions.  The fact that only one of the two depositions was cited in City Hospital's motion for summary judgment does not mean that the depositions should not be taxed.  Accordingly, the Court, in its discretion, finds  plaintiff should be taxed costs in the amount of **$1,319.23** for the deposition costs of Dr. Stein and Dr. Siegel.

f.      Eric Harper, Martha Mumaw, and Sharon Ciccone

Defendant City Hospital claims a total of **$496.67** for the deposition costs of Eric Harper, Martha Mumaw, and Sharon Ciccone.  Plaintiff objects to this amount, arguing that defendant is not entitled to tax the costs for the transcripts of the depositions of its' own witnesses and because the depositions were purely for discovery purposes.  ([Doc. 254] at 8) (citing *Hill v. BASF v. Wyandotte Corp.*, 547 F.Supp. 348 (E.D. Mich. 1982)[7]).  The

_____

[7]   The Court in *Hill* noted the difference between courts that only allow taxation of depositions introduced or used at trial, and those that allow taxation of costs where the deposition was 'reasonably necessary at the time of its taking.'  As noted above, the Fourth Circuit determines proper taxation of deposition costs under the 'reasonably necessary'

Court finds that the depositions were reasonably necessary at the time of their taking, and that the costs are taxable to plaintiff.

Accordingly, the Court, in its discretion, finds plaintiff should be taxed costs in the amount of **$496.67** for the deposition costs of Eric Harper, Martha Mumaw, and Sharon Ciccone.

g.     Dr. Jonas Skardis

Defendant Cook claims a total of $325.75 for the costs of the *de bene esse* deposition Dr. Skardis. Plaintiff objects to this amount, arguing that only $200.75 is taxable as the cost of the DVDs and the shipping and handling costs should be excluded. In response, defendant notes that the use of the video at trial is not the standard by which the Court reviews whether the costs are taxable.

The Court finds that the cost of the deposition transcript and one DVD is taxable. The Court has allowed the one DVD because the purpose of the *de bene esse* deposition is in case the witness is unable to appear at trial. Thus, although Dr. Skardis was ultimately able to testify at trial, it was reasonable and necessary for defendant to obtain a copy of the video that might be shown to the jury. The Court excluded the cost of the two additional DVDs because while one DVD is a reasonable expense, the Court finds no reason why two additional tapes were necessary. *See **Cherry,*** 186 F.3d at 449.

The Court also excluded the shipping and handling costs as such costs are not reimbursable under the statute. *See **Ortho-McNeil Pharm., Inc. v. Mylan Labs, Inc.***, 2008 WL 7384877 (N.D.W.Va. August 18, 2008), *rev'd on other grounds*, 569 F.3d 1353 (Fed. Cir. 2009).

Accordingly, the Court, in its discretion, finds plaintiff should be taxed costs in the amount of **$225.75** for the deposition transcript costs of Dr. Skardis.

_____

standard.

### h.    Conrad Nau and Christina Coad

Defendant City Hospital claims a total of **$466.25** for the deposition costs of Conrad Nau and Christina Coad, defendants' 30(b)(6) representatives.   Plaintiff objects to this amount, arguing that defendant is not entitled to tax the costs for the transcripts of the depositions of its' own witnesses and because the depositions were purely for discovery purposes.   The Court finds that the depositions were reasonably necessary at the time of their taking, and that the costs are taxable to plaintiff.

Accordingly, the Court, in its discretion, finds  plaintiff should be taxed costs in the amount of **$466.25** for the deposition costs of Conrad Nau and Christina Coad.

### 4.    Fees of the Clerk

Defendant City Hospital claims a total of **$101.26** for the fees of the clerk.  Plaintiff argues this amount is not taxable as the "fees" were simply the copying of the file for removal.   In response, defendant argues that the cost is taxable because the cost of copying the pleadings for the clerk was a necessary expense.  Further, defendant argues "Plaintiff produces no evidence to suggest that the cost to copy the record as charged by the Clerk is more than the cost that would have been incurred by counsel to copy the record." ([Doc. 255] at 2]).   The record filed was 26 pages total. [Doc. 1].

The cost to copy the record at a rate of $0.20 per page would be $5.20.  Thus, the Court finds the cost for counsel to copy the record to be $5.20.  Accordingly, Court finds that although the expense of copying the record was necessary, only **$5.20** is taxable to plaintiff.

### 5.    Service of Summons and Suboena by Private Process Server

Defendant City Hospital claims a total of **$428.00** for the cost of service of summons and subpoena by a private process server.   Plaintiff objects to this amount, arguing that the statute only provides for taxing the cost of service by a United States Marshal. ([Doc. 254] 2).  This Court agrees.  Chapter 28 U.S.C. § 1920(1), only provides for recovery of "[f]ees of the clerk and marshal." Service of process by private process servers is not

taxable. *See **Cofield v. Crumpler***, 179 F.R.D. 510, 515 (E.D.Va.1998). Accordingly, the court will not permit recovery of costs associated with private process servers.

## CONCLUSION

Accordingly, the **ORDERS** the Clerk tax the following costs:

1. Jeffrey Trent Cook should be awarded costs in the amount of: $7,963.61; and

2. Jefferson Memorial Hospital should be awarded costs in the amount of: $6,858.73

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 19, 2010

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE